**John D. Russell, OSBA #034402**
John@mccrus.com
**B. Anna McCoy, OSBA #003165**
Anna@mccrus.com
**Cassandra Mercer, OSBA #141054**
Mercer@mccrus.com
McCoy Russell LLP
806 SW Broadway, Ste. 600
Portland, OR 97205
Tel: (971) 271-8020
Fax: (971) 271-8021

Attorneys for Plaintiff Warn Industries, Inc.

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **Warn Industries, Inc.,** a Delaware corporation,<br><br>                                Plaintiff,<br><br>        vs.<br><br>**LKQ Corporation,** an Illinois corporation and **Keystone Automotive Operations, Inc.,** a Pennsylvania corporation, both doing business under the brand **TrailFX**<br><br>                                Defendants. | CV No. 17-1174<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff Warn Industries, Inc. ("Warn") brings this action against LKQ Corporation and Keystone Automotive Operations, Inc. ("Defendants"), doing business under the brand TrailFX, and alleges as follows:

**THE PARTIES**

1.

Plaintiff Warn is a Delaware corporation duly authorized to do business in the State of Oregon, with its principal place of business located in Clackamas County, Oregon. Warn designs,

engineers, and manufactures winches, off-road vehicle accessories, and all-wheel drive (AWD) disconnects.

2.

On information and belief, Defendant Keystone Automotive Operations, Inc. with its principal place of business located in Exeter, Pennsylvania, and Defendant LKQ Corporation with its principal place of business located in Chicago, Illinois, both doing business under the brand TrailFX.  In particular, on information and belief, TrailFX is a brand owned and operated by Keystone Automotive Operations, Inc., and Keystone Automotive Operations, Inc. is a subsidiary of LKQ Corporation.  On TrailFX's website for example, Keystone lists itself as "the Company" responsible for handling all complaints, disputes, and controversies arising against TrailFX.  *See* http://www.trailfx.com/terms-conditions.  Further, on LKQ Corporation's website, it lists "Keystone Automotive Industries, Inc." as a subsidiary of LKQ Corporation.  *See* http://www.lkqcorp.com/en-us/About/LKQ-Global/Keystone.  Defendants also sell winches in all states, including Oregon.

## JURISDICTION AND VENUE

3.

The amount in controversy between the parties exceeds $75,000.

4.

This action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

5.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 § 1338(a) (actions arising under patent law).

6.

Venue is appropriate under 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claims occurred within the District of Oregon.  Additionally, venue is appropriate under 28 U.S.C. § 1400(b) because Defendants have committed acts of patent

infringement in this District, continue to commit acts of infringement in this District, and have a regular and established place of business in this District. Additionally, venue is appropriate because Defendants are subject to this Court's personal jurisdiction.

7.

Defendants are subject to this Court's personal jurisdiction, consistent with the principles of due process and the Oregon Long Arm Statute, because Defendants conduct business and have committed and/or induced acts of patent infringement in this District by importing, marketing, offering for sale, and selling their infringing products in this District.

8.

For example, Defendants have marketed, offered for sale, and/or sold their infringing products since at least May 2, 2017 through various online retailers including Newegg.com, CARiD.com, and Autoplicity.com. *See* Exhibit D.

**FACTS COMMON TO ALL CLAIMS**

9.

Plaintiff Warn is owner of all right, title and interest in U.S. Patent No. 9,266,702 ("the '702 Patent") issued on February 23, 2016 and entitled "Winch." A true and correct copy of the '702 Patent is attached hereto as Exhibit A. Warn brings this action to seek injunctive relief and damages arising out of Defendants' infringement of the '702 Patent.

10.

Warn has invested significant time and expense in developing its ZEON line of winches, which are built for jeeps, trucks, and SUVs. Warn employs engineers that develop cutting-edge solutions to the many challenging issues facing personal use winching operations for jeeps, trucks, and other consumer motor vehicles. Warn's extensive research and development efforts in the ZEON winches have resulted in numerous awards including the 2013 SEMA International Product Awards for the ZEON 8000-S from FB Life; Overlander 4WD Magazine; and Action 4X4 Magazine, and the 2014 SEMA International Product Award, Global Media Award for ZEON Platinum 10-S, FB Life (China); Action 4x4 Magazine (France) and Overlander 4WD (China).

11.

Further, Warn has an extensive, worldwide IP portfolio covering the ZEON winch line including both utility and design patents. To date, Warn's significant research investment in the ZEON winch line has resulted in more than 30 issued United States patents.

12.

Defendants are large distributors and marketers of aftermarket automotive equipment in North America. Over the years, Warn and Defendents have had a well-established supplier-distributor relationship; Defendants buy Warn's manufactured products wholesale and then resale and distribute them through their various warehouses. For some time Defendants have been purchasing ZEON winches from Warn. In 2016 Defendants purchased a significant amount in Warn products alone and additional product this year.

13.

Despite their long-standing relationship with Warn as major purchasers of ZEON winch products, Defendants have provided their own winch products that infringe at least one of the patents covering the ZEON winch line. Defendants began offering for sale and selling these infringing products as early as May 2, 2017. For example, Defendants make, use, sell, and offer to sell, and/or contribute to or induce others to make, use, sell and/or offer to sell products that infringe the '702 Patent. One such line of infringing products is the TrailFX Reflex winch.

14.

Further, the TrailFX Reflex winches are in the same winch market as the patented ZEON winch line. For example, the TrailFX Reflex winch is marketed as a universal vehicle recovery winch for 4x4 and off-road vehicles in the same way the patented ZEON winch line is marketed for trucks, SUVs, and jeeps. And just like the ZEON winches, the TrailFX Reflex winches come in three different models, demarcated by their pull rating. Even the pull ratings are nearly identical. Where the ZEON winches are offered at pull ratings of 8,000, 10,000, and 12,000 lbs., the TrailFX Reflex winches are sold at 8,500, 9,500, and 12,000 lbs. Both the ZEON and Reflex winches are attached on the front end of vehicles and serve similar vehicle recovery functions. In addition to

its functional similarities with the ZEON winches, the TrailFX Reflex winch line even resembles the ZEON winch line in both design and appearance. *See* Figure 1 below. For example, the winch of the '702 Patent and the Reflex winches have motor and gear cases disposed on opposite sides of the drum, with a control unit affixed atop.




Figure 1

15.

Defendants have also had actual notice of the '702 Patent and other patents covering the ZEON winch line because Warn patent marks the ZEON winches it sells to Defendants. *See* Exhibit E. That is, Defendants have been buying, re-selling, and distributing Warn's marked ZEON products since for some time. In addition to patent marking the ZEON winches, Warn also provides a web address, https://www.warn.com/wwwapps/patents/patents.htm, on the ZEON winches which lists all of Warn's patents covering the ZEON winch line.

16.

Despite having actual notice of the '702 patent, Defendants have continued to market and sell infringing products such as its TrailFX Reflex winch. Defendants have therefore been recklessly indifferent to Warn's patent rights and are willfully infringing the '702 patent.

### FIRST CLAIM FOR RELIEF

### (Infringement of the '702 Patent)

17.

Plaintiff incorporates and re-alleges paragraphs 1-16 above.

18.

Defendants have infringed at least claims 1, and 3-10 of the '702 Patent by making, using, selling, offering for sale, and/or importing into the United States, products including, but not limited to, the TrailFX Reflex winches. A true and correct copy of a TrailFX Reflex winch owner's manual describing many of the features and components of the TrailFX Reflex winch is attached hereto as Exhibit B. Further, true and correct copies of pictures of the TrailFX Reflex winch are attached hereto as Exhibit C.

19.

Defendants' infringement is ongoing and willful. Despite having actual notice of the '702 Patent, Defendants have continued to one or more of make, market, offer for sale, sell, and import products that infringe the '702 Patent and/or contribute to or induce others to one or more of make, export, use, sell, and offer to sell products that infringe the '702 Patent.

20.

Defendants' ongoing infringement is irreparably harming Warn's business opportunities and sales. Because of Defendants' infringement Warn has already suffered and/or will continue to suffer loss of sales, price erosion, missed royalty opportunities, and loss of future earnings for the patented technologies of the '702 Patent. Defendants' ongoing infringement will continue unless enjoined by this Court, preliminarily and/or permanently under 35 U.S.C. § 283.

21.

Warn is entitled to damages for Defendants' infringement and may be entitled to enhanced damages and attorneys' fees under 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Warn requests the Court to order or enter the following relief:

A. Damages adequate to compensate Warn for infringement of the patent-in-suit based on lost profits, price erosion, or at least a reasonable royalty;

B. A declaration that Defendants' infringement of the patent-in-suit has been willful and that this case is exceptional under 35 U.S.C. § 285;

C. Enhanced damages, costs and attorneys' fees if appropriate under 35 U.S.C. §§ 284 and 285.

D. A preliminary and permanent injunction barring Defendants from continuing to sell infringing products and an order requiring Defendants to destroy or deliver to Warn all infringing products and to provide a complete accounting of all manufacturing and sales of any infringing products to date; and

E. Any other relief the Court deems to be just and appropriate.

///
///
///
///
///
///
///
///
///

DEMAND FOR JURY TRIAL

Warn demands a trial by jury on all issues so triable.

DATED this 27 day of July, 2017.

                        MCCOY RUSSELL LLP

                        By:   *s/ John D. Russell*
                                John D. Russell, OSBA #034402
                                B. Anna McCoy, OSBA #003165
                                Cassandra Mercer, OSBA #141054
                                Of Attorneys for Plaintiff